## Wallace & Warner v. Robinson.

*Mechanics' Lien Law—Scire facias—Return-days—Rules of Court, Montgomery County—Act of May 23, 1913.*

1. The Act of May 23, 1913, P. L. 307, establishing the form for the writ of *scire facias sur* mechanic's lien, was not intended to interfere with any established return-days for such writs.

2. A motion to quash a writ of *scire facias sur* mechanic's lien for the reason that it was made returnable to the 11th of September, the second Monday of the month, is without merit and will be quashed when the return-day so indicated is the regular return-day to which the writ was returnable under rules of court, being the first Monday of the next regular term of court.

3. By Rule of Court of Montgomery County, writs of *scire facias* are returnable to the second Monday of September, which is the first day of the September Term of court.

4. The Rules of Court of Montgomery County relating to return-days are supported by the authority of the Acts of June 13, 1836, P. L. 572, and June 11, 1879, P. L. 125.

Motion to quash *sci. fa. sur* mechanic's lien. C. P. Montgomery Co., June T., 1922, No. 100.

*I. P. Knipe,* for motion; *Elgin H. Lenhardt,* contra.

SWARTZ, P. J.—The defendant's application to quash the writ assigns as the reason for the motion that the *scire facias* issued does not follow the form and substance of the Act of Assembly approved June 4, 1901, P. L. 431, as amended by the Act of May 23, 1913, P. L. 307.

No defects in the writ are pointed out in the application to quash.

At the argument, it was contended that the return-day fixed in the writ is in conflict with the return-day prescribed by the said Act of 1913.

The writ was issued on July 15, 1922, and was made returnable on the second Monday of September next, being Sept. 11, 1922. This was the first return-day, under the rules of court, for a writ issued in July, 1922. It was also the first Monday of the regular September Term of court.

3 D. & C.

Wallace & Warner *v.* Robinson.

Our five terms of court begin on the second Monday of the months of February, April, June, September and November.

Under our rules, the first Monday of each term of court is a return-day for writs.

On May 29, 1902, the following rule was adopted: "In addition to the return-days now established by law, the second Monday of each of the months of January, March, May, October and December is made a return-day for all writs issued for the commencement of actions; for all writs of *scire facias* to revive judgments and continue the lien thereof; for all other writs of *scire facias*, and for writs and process of every kind; and the party suing out the same may, at his election, make such writs returnable on any of the said return-days." This rule was made under the authority conferred by the Act of June 11, 1879, P. L. 125.

Section 30 of the Act of June 13, 1836, P. L. 572, provided for the return of writs to the first day of the term succeeding the time at which they should be issued.

The amending Act of May 23, 1913, P. L. 307, declares that the proceedings to recover the amount of any claim as aforesaid shall be by writ of *scire facias* in the following form, namely:

"To the Sheriff of said County, Greeting:

"Whereas, ———————————— has filed a claim in the Court of Common Pleas ————— for the County of —————, against ——————————, for the sum of ——————, for (work done or materials furnished, or both, as the case may be), to (or on) a certain structure or other improvement, to wit: (describing the property as in the claim) ;

"And whereas, it is alleged that the said sum *still remains due and unpaid* to the said ————————————.

"Now, we command you that you make known to the said ——————— that ————————— be and appear before the Judges of our said Court, to be held at ———————————— on the first Monday of ————————— next, to show, if anything, ————————— know or have to say why the said sum of ————————— should not be levied of said property to the use of the said ————————— according to the form, decree and effect of the act of assembly in such case made and provided, if to them it shall seem expedient."

Then follows an order that the party shall be notified that if he has any defence, he must file an affidavit in the prothonotary's office within fifteen days after the return of the writ, otherwise judgment will be entered against him for the whole amount of the claim.

A reading of this section shows that there is no intent on the part of the legislature to fix any definite time for the return of writs of *scire facias*. The blanks indicate that the return-day is to follow the existing rules in the respective counties of the Commonwealth.

Our rule followed the acts of assembly authorizing the courts to fix return-days for writs. When the rule adopted, as in our case, follows the language of the statute, it should have the same force and effect as the statute itself. We cannot assume that there was an intent, in giving the form aforesaid, to repeal the provisions of the existing statute or of the rules of court made to conform to them, fixing the return-day of writs. If such repeal were intended, this section should declare "that the form of the writ and the return-day thereof shall be as follows:"

A change in the form of the writ of *scire facias* was first declared under the Act of April 17, 1905, P. L. 172. The title to the act stated that its purpose was to amend the Act of 1901, by changing the form of the claim and

the writ of *scire facias* thereon. There is no reference to any return-day nor to fixing the time for the return of the writ. Again, the return-day on the writ constitutes no part of the *"form"* of the writ.

The framer of the Act of 1913 had in mind the information that the writ should give to the owner, so far as the amount of the claim was concerned and the steps he must take if he would contest the claim. In drawing the act there was no intent to interfere with any established return-days for the writ of *scire facias*. That he intended to leave in blank. He may have assumed that the first Monday of the month was the return-day under the existing rules of court throughout the various counties. He fell into error. It was no more than a clerical error that was not material to the purpose or intent of the enactment.

The blank, even as it stands, could be filled in to meet our return-days. If we inserted the words "of the September Term," it would then read "the first Monday of the September Term next." Or if the party issuing such writ desired to select an intermediate return-day, he could specify in the blank a certain day of the month. To illustrate: A writ issued in September and returnable the second Monday in October would then read "the first Monday of October after Oct. 2nd next." While this would be an unusual designation of the return-day, still it shows that the framer of the act did not mean to fix the return-day in such specific words as to exclude the application of our rules of court.

Our rules of court are too strongly entrenched under the acts of assembly to entertain this motion, based upon an objection that has no substantial merit.

We may add, so far as the case before us is concerned, the return-day specified in the writ is in complete harmony with blanks found in the act of assembly. A return "on Sept. 11, 1922," is only another way of saying "on the first Monday of the September Term next." Our September Term began on Sept. 11, 1922.

And now, Oct. 23, 1922, the rule to quash the writ is discharged.

From Montgomery Evans, Norristown, Pa.